1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Gunches, | No. CV-18-3346-PHX-DLR |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, | |
| Respondent. | |

Aaron Gunches, an Arizona prisoner sentenced to death, filed a *pro se* Notice of Waiver of Federal Habeas Review ("Notice") (Doc. 1), stating his intention not to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He requests an expedited hearing on the Notice and asks the Court to allow briefs to be filed by amicus curiae. For the reasons stated below, the Court declines Gunches's requests for further briefing and a hearing and dismisses the Notice for lack of jurisdiction.

**I.   Legal Standard**

Federal courts have an "independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and may dismiss for lack of jurisdiction "at any time that such lack appears, and on its own motion." *Harmon v. Superior Court*, 307 F.2d 796, 797 (9th Cir. 1962). A party alleging federal jurisdiction must satisfy a "threshold requirement imposed by Art. III of the Constitution that those

who seek to invoke the power of federal courts must allege an actual case or controversy." *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974).

"'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd,* 521 U.S. 811, 818 (1997)). "'The party invoking federal jurisdiction bears the burden of establishing' standing." *Id.* at 411–12 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). A plaintiff who invokes federal jurisdiction must show, at a minimum: (1) an injury in fact via an invasion of a legally protected interest that is concrete, particularized, and actual or imminent, rather than conjectural or hypothetical, (2) fairly traceable to the defendant's conduct, and (3) redressable by a favorable judicial decision. *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560–61). A plaintiff's standing to sue is determined based on the facts that exist at the time of the complaint. *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) (citing *Lujan*, 504 U.S. at 569 n.4).

*Pro se* pleadings must be liberally construed in the interests of justice. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers . . . ."); *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (courts must "continue to construe *pro se* filings liberally . . . ."); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975) ("Pleadings should be liberally construed in the interests of justice, particularly when a pleader is not learned in the law."). A district court may dismiss a complaint for lack of jurisdiction before issuing a summons or following other procedural requirements, *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir.1981) (citing *Loux v. Rhay*, 375 F.2d 55, 58 (9th Cir. 1967)), but only if the lack of jurisdiction appears on the face of the complaint and is obviously not curable, *Harmon*, 307 F.2d at 796.

## II. Background

For purposes of deciding whether Gunches has established federal jurisdiction, the Court accepts the factual allegations in the Notice as true. Gunches refers to the factual

and procedural history of his case as set forth in *State v. Gunches*, 225 Ariz. 22 (2010) ("*Gunches I*"), and *State v. Gunches*, 240 Ariz. 198 (2016) ("*Gunches II*"), and in Exhibit 1 of the Notice. The following summary is taken from these documents.

Gunches was charged with first degree murder and kidnapping in late 2002. After the trial court found Gunches competent to stand trial and to waive his right to counsel, Gunches chose to represent himself. He later pleaded guilty to both counts. During the aggravation phase, Gunches stipulated that he had been convicted of a serious offense (attempted murder), which is an aggravating circumstance under A.R.S. § 13–751(F)(2). Gunches presented virtually no mitigation evidence in the penalty phase, but he did request leniency in allocution. The jury determined that he should be sentenced to death.

On direct appeal, the Arizona Supreme court affirmed Gunches's convictions and the kidnapping sentence, but, after finding sentencing error, remanded for a new penalty-phase proceeding. As before, Gunches waived his right to counsel and did not present any mitigation evidence, and, unlike the previous sentencing, he did not request leniency in allocution. Again, the jury determined that Gunches should be sentenced to death.

The Arizona Supreme Court found no error in allowing Gunches to represent himself at trial and sentencing and affirmed the conviction and sentences. Gunches also represented himself in his first post-conviction relief proceeding, which he ultimately waived. Subsequently, the Arizona Supreme Court declined jurisdiction over a petition for special action filed by his advisory counsel challenging Gunches's competency to waive his right to state post-conviction review. *See* Arizona Supreme Court Minutes, September 25, 2018, *Gunches v. Hon.Myers/State ex rel Brnovich*, CV 18-0186-SA; *see also* (Doc. 1, Ex. A).

**III. Discussion**

Gunches asserts that no other party has legal standing to object to his waiver of federal review of his state conviction and sentences. Based on the facts alleged in the Notice, the Court finds that Gunches has failed to establish a sufficient and immediate

injury traceable to the defendant's conduct that is redressable by a decision of the Court. Thus, the Court concludes that Gunches has failed to establish federal jurisdiction.

First, the Notice fails to allege any "threatened or actual injury resulting from [a] putatively illegal action." *See O'Shea*, 414 U.S. at 493–94. "Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury.'" *Id.* at 494 (citation omitted). "The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* (citations omitted). To the extent the Notice is construed as an allegation that Gunches will be injured if he is not allowed to waive his right to file a habeas petition, Gunches's assertions that he will not be filing a habeas petition reduces the immediacy and reality of actual injury. Additionally, the possibility that a federal habeas petition may be filed on his behalf is entirely hypothetical at this time.

Next, the Notice fails to establish that any injury is, or is likely to be, traceable to defendant's conduct. Gunches has named Charles Ryan as "Respondent" in the Notice but does not allege any injury attributable to any action, present or foreseeable, by Ryan.[1]

Finally, the alleged injury is not redressable by this Court. "Redressability requires an analysis of whether the court has the power to right or to prevent the claimed injury." *Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982). The lack of redressability in this matter is best evidenced by the Notice itself, which declares Gunches's intent to waive the filing of a petition but seeks no form of relief.

As a practical matter, the Court is mindful of the seriousness of the underlying convictions and sentences, and is aware that the Notice is most likely Gunches's preemptive efforts to prevent counsel or others from filing a "next friend" habeas petition on his behalf. To the extent the Notice can be liberally construed as seeking a prohibition on the filing of a petition for writ of habeas corpus pursuant to § 2254, Gunches has alleged no legal theory, and this Court is aware of none, that would allow the Court to

---

[1] Charles Ryan is the director of the Arizona Department of Corrections.

issue a lawful pre-filing injunction against the filing of a next friend habeas petition. Although district courts have the inherent power to enter pre-filing orders in some situations, especially in response to a "[f]lagrant abuse of the judicial process," *see DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir 1990), the use of such orders implicates the due process right of access to the courts and "are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). There are no factual or legal grounds alleged in the Notice that support a pre-filing injunction against the filing of a habeas petition on Gunches's behalf. Thus, to the extent the Notice can be construed as seeking a pre-filing injunction, the Notice is without redress.

Because the lack of jurisdiction is evident from the face of the Notice, and, for the reasons stated above, is obviously not curable, *see Harmon*, 307 F.2d at 796, the Court dismisses the Notice.[2]

Accordingly,

IT IS HEREBY ORDERED Gunches's request for expedited hearing is denied and the Notice of Waiver of Federal Habeas Review (Doc. 1) is DISMISSED.

IT IS FURTHER ORDERED the Clerk of Court is directed to terminate this action.

Dated this 5th day of November, 2018.

Douglas L. Rayes
United States District Judge

---

[2] Gunches has neither paid the filing fee nor asked to proceed *in forma pauperis* in this matter. The Court, however, will not require him to observe these procedural requirements because doing so would only delay the inevitable dismissal of the Notice.